UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


**DAVID GREEN,**

   *Plaintiff*,

v.                                         Case No.  SA-22-CV-00423-JKP

**DENIS MCDONOUGH, SECRETARY,
U.S. DEPARTMENT OF VETERANS
AFFAIRS;**

   *Defendant*.


### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Denis McDonough, Secretary, U.S. Department of Veterans Affairs's (hereinafter "the VA") Motion to Dismiss. *ECF Nos. 32,35*. Plaintiff responded. *ECF No. 33.* Upon consideration of the Motion, responsive filings, and Second Amended Complaint, the Court concludes the Motion shall be **GRANTED in part and DENIED in part**.


### UNDISPUTED FACTUAL BACKGROUND

Green began working as a Biomedical Equipment Support Specialist at the VA in 2011 at a level of GS-9. At the time he was 62 years' old. During his employment, on May 21, 2015, June 8, 2016, and August 6, 2018, Green filed three separate Complaints with the Equal Employment Opportunity Commission (EEOC), which were eventually consolidated within the administrative review process. In these EEOC Complaints, Green asserted acts of age discrimina-

tion, hostile work environment, and retaliation for his pursuit of redress through the administrative process. The EEOC ultimately found Green was subject to retaliation with respect to his performance review by his first-line supervisor and was awarded relief on this Complaint. The EEOC denied Green's other Complaints of age discrimination and hostile work environment. Green then filed this action.

In his Second Amended Complaint, Green asserts causes of action for: (1) age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act[1]; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA and Title VII[2], and (4) retaliatory hostile work environment in violation of Title VII. The VA filed this Partial Motion to Dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim. The VA contends certain allegations that serve as basis for the age discrimination and hostile work environment causes of action should be dismissed due to Green's failure to exhaust administrative remedies; the retaliatory hostile work environment claim must be dismissed because the Fifth Circuit does not recognize this cause of action; Green

---

[1] It appears Green attempts to bring an age discrimination cause of action under Title VII of the Civil Rights Act. *See ECF No. 28, pars. 107,110*. Title VII protects employees from discrimination "because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1) and (2). Because age is not a protected class under Title VII, the Court will presume Green pursues this age discrimination cause of action under the ADEA, only. *See Smith v. City of Jackson, Miss.*, 351 F.3d 183, 188–92 (5th Cir. 2003); *Espina v. City of San Antonio*, No. SA-21-CV-01176-JKP, 2022 WL 3362286, at *8 (W.D. Tex. Aug. 15, 2022). To the extent Green attempts to assert an age discrimination cause of action under Title VII, the VA's Motion to Dismiss shall be granted and this cause dismissed.

[2] It appears Green attempts to bring a retaliation cause of action based upon his report of age discrimination in the EEO process under both the ADEA and Title VII. *See ECF No. 28, par. 107*. It is undisputed that Green's participation in the EEO process was based solely upon his report of age-based discrimination. Similarly, Green's allegations of hostile work environment are based upon comments focused solely on his age. Title VII protects employees from retaliation because they either opposed discriminatory actions based on race, color, religion, sex, or national origin or because of their participation in any proceeding against such forms of discrimination. *See Brown v. United Parcel Serv., Inc.*, 406 Fed. App'x. 837, 840 (5th Cir. 2010)(per curiam); *see also* 42 U.S.C. § 2000e-3. Because these age-based causes of action are actionable under the ADEA, not Title VII, to the extent Green attempts to assert a cause of action for retaliation under Title VII, the VA's Motion to Dismiss shall be granted and this cause of action dismissed.

fails to allege severe or pervasive harassment sufficient to state a claim for hostile work environment; Green fails to plead sufficient facts to state a plausible claim for age discrimination in violation of the ADEA, and; Green fails to plead sufficient facts to state a plausible claim for retaliation.

## LEGAL STANDARD

To provide opposing parties fair notice of what the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, to survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina*

*Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## DISCUSSION

**Argument 1: Administrative Bar of Certain Allegations of Age-Based Discrimination**

The VA contends Green failed to file a timely complaint with the EEO Counselor on three of the sixteen claims of discrimination which support his age discrimination cause of action. The VA provides a table of all asserted allegations stated in the Second Amended Complaint in support the Green's age-based discrimination and hostile work environment causes of action. *ECF No. 32, pp. 5-6*. This argument pertains only to allegations #1-#3 listed in the table, and each of these allegations pertain to age discrimination. *See id*. Because a timely complaint is a condition precedent to suit, the VA contends these three allegations cannot serve as basis to support an age discrimination cause of action. Consequently, the VA contends these three allegations must be administratively barred, or any age-discrimination cause of action based upon these allegations must be dismissed.

Green responds only to the argument that the three age-based allegations are barred from serving as support for a hostile work environment cause of action. By his failure to address the exhaustion argument as it pertains to his age discrimination cause of action, Green concedes this point. Consequently, to the extent Green attempts to assert these three specific allegations as support for any age discrimination cause of action, the VA's Motion shall be granted, and the allegations/cause of action dismissed.

4

To the extent the VA contends these allegations cannot serve as support for the hostile work environment cause of action, the Court will examine this argument.

Exhaustion of administrative remedies is a prerequisite to filing suit in any employment discrimination suit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Shed v. Amazon*, No. 3:21-CV-00258-E-BT, 2022 WL 4389716, at *2 (N.D. Tex. July 5, 2022), report and recommendation adopted, No. 3:21-CV-00258-E-BT, 2022 WL 4390444 (N.D. Tex. Sept. 21, 2022); *see also* 29 C.F.R. § 1614.407. To begin the administrative process, a federal employee must initiate contact with the federal employer's EEO Counselor and that pertinent federal agency will investigate the charges. *Pacheco v. Mineta,* 448 F.3d 783, 788 (5th Cir. 2006); *Smith v. Potter*, 400 Fed. Appx. 806, 809–10 (5th Cir. 2010). At any time, should the investigating authority of the federal-agency employer make a specific finding that the employee's charges were timely, the employer waives any objection to timeliness or exhaustion of administrative remedies in any subsequent lawsuit filed by the employee. *See Werner v. Dep't of Homeland Sec.,* 441 Fed.Appx. 246, 249 (5th Cir.2011) (per curiam)(citing *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir.1992)); *see also Reveles v. Napolitano*, 595 Fed. Appx. 321, 326 (5th Cir. 2014).[3]

To analyze the veracity of the VA's argument, this Court must rely upon documents outside the Second Amended Complaint, specifically, Green's complaints to the VA's EEO Counselor and the Counselor's determination of the veracity of the complaints. The VA attaches these documents to its Motion to Dismiss. Green raises no objection to the Court's consideration of the administrative review records. Because the Court may take judicial notice of the administrative records as public reports, and because these records are referred to in the Second

---

[3] In this instance, this Court extends Title VII jurisprudence to this ADEA cause of action. *See Smith v. Potter*, 400 Fed. App'x. 806, 809–10 (5th Cir. 2010).

Amended Complaint and central to determination of the veracity of asserted causes of action, and no party issues objection to the Court's consideration, this Court will consider these documents without converting this Motion to Dismiss to a Motion for Summary Judgment. *See Brand Coupon Network,* 748 F.3d at 635; *See Werner*, 441 F. App'x at 248.

The VA Office of Resolution Management issued a Letter on July 7, 2015, titled, "Partial Acceptance of the EEO Complaint of David Green." *ECF No. 33-2*. In this letter, the VA's Regional EEO Officer explained the determination of charges that would be accepted and investigated and those charges that would be dismissed. *Id*. The VA's Regional EEO Officer made a specific finding that allegation #1 that is the subject of this specific argument

> constitutes a discrete act that was not raised within 45 days of its occurrence and is therefore DISMISSED as an independently actionable claim pursuant to 29 C.F.R. §1614.107(a)(2) for failing to comply with the regulatory time limits. However, this event is determined to be sufficiently related to the overall pattern of harassment as it represents an additional action taken against your client by the agency and **will be included for consideration in the analysis of the harassment claim.**

*ECF No. 33-2, p. 2*. With regard to Allegations #2 and #3 specific to this argument, the EEO Officer determined the allegations timely for consideration as part of the hostile work environment continuing violation by proceeding and considering these allegations as part of the scheme of harassment in the assessment of the hostile work environment claim. *See id. at pp. 1-3*.

Because the VA, through its EEO Regional Officer, determined that Allegations #1-#3 were timely for consideration as support for the hostile work environment cause of action, the VA waived this failure-to-exhaust argument as it pertains to the hostile work environment cause of action. Consequently, the VA's argument as it pertains to the hostile work environment cause of action must fail, and the Motion to Dismiss allegations #1-#3 as support for the hostile work

environment cause of action is denied. Allegations #1-#3 will not be considered as support for the age discrimination cause of action. Consequently, to this extent, the VA's Motion to Dismiss will be granted.

**Argument 2: Validity of Retaliatory Hostile Work Environment Cause of Action**

In his Second Amended Complaint, Green asserts a cause of action for hostile work environment based upon retaliation for his engagement in the EEOC administrative process. *See ECF No. 28, p. 17, par. 109*. Green does not base this cause of action on a traditional claim of his membership in a protected class. The VA contends this cause of action must be dismissed because the Fifth Circuit does not recognize retaliatory hostile work environment as a viable cause of action.

While the Fifth Circuit does not currently recognize a cause of action for "retaliatory hostile work environment," twelve circuits do, and the Fifth Circuit does not expressly reject the viability of such a cause of action. *Montgomery-Smith v. George*, 810 Fed.App'x. 252, 258 (5th Cir. 2020) (unreported opinion).[4] In the instances in which the cause of action was presented, the Fifth Circuit declined to reach the issue whether it recognizes the validity of the cause, itself, and each time found the plaintiff failed to establish a *prima facie* case of retaliatory hostile work environment, even if such a claim existed. *See id*. at 259; *Fallon v. Potter,* 277 F. App'x 422,

---

[4] *See also Rowe v. Jewell*, 88 F. Supp. 3d 647, 671 (E.D. La. 2015); *Tejada v. Travis Assoc. for Blind*, A-12-CV-997, 2014 WL 2881450, at *3 (W.D. Tex. June 25, 2014), report and recommendation adopted sub nom., 1:12-CV-997-DAE, 2014 WL 4165370 (W.D. Tex. Aug. 7, 2014), aff'd, 617 Fed. App'x. 325 (5th Cir. 2015); *Thomas v. City of Shreveport,* No. 06–1078, 2008 WL 4291211, at * 11 (W.D. La. Sept.15, 2008).

424 & n. 3 (5th Cir. 2008); *Bryan v. Chertoff,* 217 F. App'x 289, 293 (5th Cir. 2007)(collecting cases which recognized the cause of action).

Recognizing this lack of clarity, trial courts have granted summary judgment on a retaliatory hostile work environment cause of action because the Fifth Circuit does not officially recognize the cause of action. *See Minor v. University of Texas Southwestern Medical Center,* 2013 WL 3477223, at *11 (N.D. Tex. 2013). However, the general practice of trial courts in the Fifth Circuit is to assume a cause of action for retaliatory hostile work environment exists until the Fifth Circuit directs otherwise. *See e.g., Valdry v. Brennan*, CV 15-453, 2017 WL 2702226, at *4 (M.D. La. June 22, 2017), aff'd, 730 Fed. App'x. 207 (5th Cir. 2018); *McCorvey v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 5:16-CV-631, 2016 WL 8904949, at *11 (W.D. Tex. Dec. 21, 2016); *Tejada v. Travis Assoc. for Blind,* No. A-12-CV-997, 2014 WL 2881450, at *3.

At this stage of the litigation, this Court will assume Green may pursue a retaliatory hostile-work-environment cause of action until the Fifth Circuit determines specifically the issue whether such a cause of action exists. Consequently, the VA's Motion to Dismiss this cause of action on this basis will be denied.

**Argument 3: Sufficiency of Allegations of Retaliatory Hostile Work Environment**

The VA contends Green's cause of action for retaliatory hostile work environment should be dismissed for two reasons. First, the VA contends Green fails to allege any harassment was taken in reprisal to his EEO activity, but, instead, asserts only subjective belief. Second, the VA contends Green fails to allege facts which show the alleged harassment was sufficiently severe or pervasive to interfere with his work performance or alter the conditions of his employment.

1.  **Causal Connection**

The elements of a cause of action of retaliatory hostile work environment in violation of Title VII are a hybrid of the elements necessary to establish a retaliation cause of action and hostile work environment. Under this hybrid test, the plaintiff must show: (1) he engaged in protected conduct, (2) he experienced unwelcome harassment, and (3) there was a causal link between the harassment and the protected activity. *See McCorvey*, 2016 WL 8904949, at *11; *Tejada,* 2014 WL 2881450, at *3; *Cavazos v. Berry*, No. CIV.A. B-06-058, 2010 WL 785860, at *7 (S.D. Tex. Mar. 8, 2010).

Proceeding under these factors, when assessing a Federal Rule 12(b)(6) motion at this initial stage of litigation, Green is not required to plead a prima facie case, but rather must simply plead a plausible claim. *See E.E.O.C. v. Bass Pro Outdoor World, L.L.C*., No. 4:11–CV–3425, 2013 WL 1124063, at *5 (S.D. Tex. Mar. 18, 2013). Assessment of Green's cause of action at this stage focuses not on whether he will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *See Iqbal*, 556 U.S. at 678; *Muhammad v. Dall. Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007); *McCorvey*, 2016 WL 8904949, at *8. Dismissal is proper only if Green "would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." Fed. R. Civ. P. 12(b)(6); *Clark,* 794 F.2d at 970.

Here, the VA challenges whether Green adequately pled facts to establish a causal link between the alleged harassment and his participation in protected activity. In his Second Amended Complaint, Green alleges after he first initiated the EEO process, he was denied administrative leave to attend a conference where he could gain training, education, and re-certification. *ECF No. 28, pars. 43-50*. Green alleges his supervisor threatened him that if he lost and appealed

his EEO complaint, he would be demoted and receive a bad "write-up" in the review process. *Id. at pars. 51-57*. Green alleges that after his second EEO complaint, his supervisor stated he believed Green's EEO activity was a "problem for his managers," referred to Green's complaints as "'harassment,'" and stated Green "spent too much 'time and energy' on pursuing his civil rights in the EEO process, and that he should spend that time and energy on his work duties." *Id. at pars. 69-72*. Green alleges his supervisor gave him an unfavorable performance review after his third EEO complaint. *Id. at pars. 91-106*. In addition to these named, Green asserts other instances of reprisal that occurred after his participation in the EEO process.

Based upon these named allegations, alone, in addition to the others, Green asserts ample factual allegations to connect his participation in the EEO process to the alleged hostile work environment. At this stage of litigation, even if these instances are based upon Green's subjective belief, alone, as the VA contends, he pled sufficient facts to assert a plausible claim for retaliatory hostile work environment. Green pleads facts to show a direct tie between the alleged harassment and animus toward his protected conduct.

For this reason, Green asserts sufficient facts for the Court to reasonably infer causation and entitled Green to offer evidence to support this cause of action. Therefore, the VA's Motion to Dismiss on this basis will be denied.

**2. Severe and Pervasive**

Next, the VA contends the alleged instances of harassment, even if true, are not sufficiently severe or pervasive to interfere with his work performance or alter the conditions of his employment. The VA focuses this argument on the fact that Green "does not allege pervasiveness" and the instances alleged fall short of the threshold used to determine whether a plaintiff alleges a plausible cause of action.

As the VA contends, to establish a cause of action for retaliatory hostile work environment claim, the alleged harassment must be "sufficiently severe or pervasive ... [to] create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). To determine whether a workplace constitutes a hostile work environment, the totality of the circumstances is considered, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey*, 286 F.3d at 268 (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23 (1993)). A workplace environment is hostile when it is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment." *Alaniz v. Zamora–Quezada,* 591 F.3d 761, 771 (5th Cir. 2009); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

The VA cites to cases which determined the issue of pervasiveness and severity at the summary-judgment or directed-verdict stage of litigation. At this stage, in a Federal Rule 12(b)(6) motion, Green is not required to prove or establish severity or pervasiveness as a matter of law or survive a "fact-intensive" inquiry, but must only state a plausible claim for relief. *See Griffin*, 2011 WL 759476, at *4–5; *McCorvey*, 2016 WL 8904949, at *8. Viewing the facts and instances of the alleged retaliatory conduct in the light most favorable to Green, he alleges consistent incidents of targeted harassment against him during an established period after his participation in the EEO process which are sufficient to state a plausible claim under the Federal Rule 12(b)(6) standard. Therefore, the VA's Motion to Dismiss on this basis will be denied.

**Argument 4: Disparate Treatment: Failure to Allege Adverse Employment Action**

The VA contends Green's age discrimination cause of action must fail as a matter of law because, based upon the facts alleged, he cannot show he suffered an adverse employment action. The VA concedes Green alleged two valid adverse employment actions of non-selection for promotion and failure to convert the classification of his position to GS-ll in support of his age discrimination cause of action; however, Green alleged other actions that do not constitute an adverse employment action to support the cause of action. The VA contends these invalid allegations include failure to train, denial of overtime request, and criticism of work and seeks to dismiss these allegations as basis for this cause of action based upon the Fifth Circuit's precedential definition of "adverse employment action."

The ADEA prohibits an employer from refusing to hire or from discharging any individual or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a). In addition, an employer may not "limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." *Id*. In the Fifth Circuit, the prima facie elements of a cause of action brought under the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment action; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013). In the Fifth Circuit, in both Title VII and ADEA cases, an "adverse employment action" is defined narrowly to include "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Hamilton v. Dallas Cnty.*, 42 F.4th 550, 555 (5th Cir. 2022), *reh'g en banc granted, opinion vacated*, 50 F.4th 1216 (5th Cir. 2022); *Welsh v. Fort Bend Indep. Sch. Dist.*,

941 F.3d 818, 824 (5th Cir. 2019); *McCoy*, 492 F.3d at 559.[5] "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004); *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2019).

In *Hamilton*, the Fifth Circuit examined historic jurisprudence on the issue of what constitutes an adverse employment action within the context of Title VII. *Hamilton*, 42 F.4th at 555-57. In this examination, the Fifth Circuit acknowledged its decisions strayed from the original text and purpose of Title VII, and adherence to this precedence is in conflict with other circuit courts. *Id*. at 556-57. The panel stated the *Hamilton* case is "an ideal vehicle for the *en banc* court to reexamine our ultimate-employment-decision requirement and harmonize our case law with our sister circuits' to achieve fidelity to the text of Title VII." *Id*. at 557.

Given that the Fifth Circuit granted en banc rehearing in *Hamilton* to reexamine and harmonize its requirement that a Title VII plaintiff show an ultimate employment decision, this Court will defer ruling on this issue whether Green failed to assert an ultimate employment decision as a matter of law, even in this ADEA context. Consequently, the VA's Motion to Dismiss on this basis will be denied at this time.

**Argument 5: Retaliation: Failure to Allege Adverse Employment Action and Causal Connection**

The VA contends Green's retaliation cause of action must be dismissed because he fails to adequately allege he suffered an adverse employment action and cannot establish a causal connection between the undisputed protected activity and any alleged adverse employment action.

---

[5] Again, this Court extends Title VII jurisprudence, including *Hamilton*, to cases alleging age discrimination brought under the ADEA.

The ADEA makes it unlawful for employers to retaliate against an individual "for opposing acts of age discrimination, or for charging, testifying, assisting, or participating in any manner in an investigation, proceeding, or litigation under the ADEA." *Holt v. JTM Industries, Inc.*, 89 F.3d 1224, 1225 (5th Cir. 1996) (citing 29 U.S.C. § 623(d)). To state a claim for retaliation in violation of the ADEA, a plaintiff must allege: (1) he engaged in activity protected by the ADEA; (2) an adverse employment action occurred; and (3) there was a causal connection between the protected activity and the adverse action. *Wooten v. McDonald Transit Ass'n. Inc.*, 788 F.3d 490, 496-497 (5th Cir. 2015). Though a plaintiff is not required to plead the *prima facie* case of retaliation at the motion-to-dismiss stage, he must plead sufficient facts on all of the elements of a retaliation claim to state a plausible claim. *Jenkins v. State Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017); *Boyd v. Dallas Area Rapid Transit*, No. 3:18-CV-1326-L-BH, 2018 WL 7265377, at \*6 (N.D. Tex. Dec. 31, 2018), report and recommendation adopted as modified, No. 3:18-CV-1326-L-BH, 2019 WL 350165 (N.D. Tex. Jan. 29, 2019).

   1. **Adverse Employment Action**

Unlike employment discrimination claims, which require the adverse action be an "ultimate employment decision," retaliation claims are governed by a less stringent standard. *Welsh*, 941 F.3d at 827; *Rodrigue v. PTS Mgmt. Group, LLC*, 550 F. Supp. 3d 376, 401 (W.D. La. 2021) *Boyd*, 2018 WL 7265377, at \*6. The adverse action underlying an actionable retaliation claim is not limited to "ultimate employment decisions," such as hiring, granting leave, discharging, promoting or compensation. *Welsh*, 941 F.3d at 827; *Boyd*, 2018 WL 7265377, at \*6. Instead, it includes employer actions that a reasonable employee would consider "materially adverse," "which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington,* 548 U.S. at 57; *Boyd*, 2018 WL 7265377, at

\*6. Although the standard is objective, "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id*. Nevertheless, "petty slights, minor annoyances, and simple lack of good manners will not create such deterrence," and therefore, the retaliatory action must be materially adverse "to separate significant from trivial harms." *Id.* Consequently, the ADEA "anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67; *Boyd*, 2018 WL 7265377, at \*6–7.

Denial of training and refusal to consider a plaintiff for promotion have been recognized as adverse employment actions under Title VII's anti-retaliation provision. *See Ford v. Amethyst Constr., Inc.*, No. CV 14-2617, 2016 WL 1312627, at \*9 (W.D. La. Apr. 4, 2016)(citing *Burlington*, 548 U.S. at 67).

Green alleges he suffered repeated, systematic actions with the intent to deter his participation in the EEO process and to punish him for this participation. *ECF No. 28, pars. 43-106*. Green alleges incidences of denial of professional advancement, training, demotion and reclassification of his job classification in retaliation for his participation in protected EEO activity. *Id*. Green alleges incidences that may be considered adverse employment actions and alleges these incidences would dissuade a reasonable employee from engaging the EEO process. Green's allegations in his Second Amended Complaint sufficiently allege incidences of an adverse employment action to support a cause of action for retaliation.

Therefore, with these allegations, Green satisfies the Federal Rule 12(b)(6) pleading standard for this element. The VA's Motion to Dismiss any of the alleged incidences as support for the retaliation cause of action will be denied.

2. **Causal Connection**

To state a plausible retaliation claim, a plaintiff must allege sufficient facts to establish a causal link existed between the alleged protected activity and adverse employment actions. *Davis v. Fort Bend Cty.*, 765 F.3d 480, 489 (5th Cir. 2014), *cert. denied sub nom.*, 135 S. Ct. 2804 (2015). A causal link is established if the plaintiff alleges facts which would show an adverse employment action was based, even in part, on knowledge of the employee's protected activity. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998); *Long v. Eastfield Coll.*, 88 F.3d 300, 304-05 (5th Cir. 1996). To satisfy the causation prong, the plaintiff's allegations must support the inference that "the employment decision and his protected activity were not wholly unrelated." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001).

Viewing the complaint in a light most favorable to Green, his allegations of threats by his supervisor sufficiently plead a plausible causal link between his EEO participation and the alleged adverse employment actions. *See ECF No. 28, pars. 51-57*. In addition, the temporal proximity combined with these threats are sufficient to plead a plausible causal link.

Therefore, with these allegations, Green satisfies the Federal Rule 12(b)(6) pleading standard for this element. The VA's Motion to Dismiss Green's retaliation cause of action based upon failure to sufficiently allege a causal link between his protected activity and the alleged adverse employment actions will be denied.

## CONCLUSION

For the reasons stated, the VA's Motion to Dismiss is DENIED IN PART and GRANTED IN PART. To the extent Green attempts to assert an age discrimination cause of action under Title VII, the VA'S Motion to Dismiss this cause of action is GRANTED and this cause is DISMISSED. To the extent Green attempts to assert a retaliation cause of action under Title VII, the

VA'S Motion to Dismiss this cause of action is GRANTED and this cause is DISMISSED. Green appears to support his age discrimination cause of action upon allegations previously named as "Allegation #1-#3", which the Court found were not timely reported to the EEO Officer. *See ECF No. 32, p. 5*. Consequently, the VA's Motion to Dismiss these certain allegations as support for Green's age discrimination cause of action, only, will be GRANTED.

    The VA's Motion to Dismiss is DENIED on all other asserted grounds.

It is so ORDERED.
SIGNED this 28th day of November, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE